UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:11-CR-47-016 |
| v. ) | |
| ) | JUDGE JORDAN |
| SAMANTHA J. BEECHAM ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Samantha J. Beecham, and the defendant admits that she has violated the conditions of her supervised release. It is recommended that the defendant serve the incarceration term at FCI Hazelton. It is also recommended that the Bureau of Prisons provide all available halfway house placement to Ms. Beecham to aid in her transition into the community. An agreement has been reached between the parties recommending that Ms. Beecham's supervised release should be revoked and that she should receive a sentence of ten (10) months incarceration to be followed by three years of supervised release, subject to the same standard, general, and special conditions previously imposed, with the following added special condition:

> The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers (as defined in Title 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his/her supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Ms. Beecham agrees to waive her right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive her right to allocute at a revocation hearing, and asks that the agreement

1

of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that she is giving up the following rights:

(1) The right to the assistance of counsel for her defense.

(2) The right to see and hear all the witnesses and have them cross-examined in her defense.

(3) The right on her own part not to testify unless she chose to do so in her defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on her behalf.

Ms. Beecham stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

| 1 | **Standard Condition No. 2**: The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer. |
|---|---|
| 2 | **Standard Condition No. 3**: The defendant shall answer truthfully to all inquiries by the probation officer and follow the instructions of the probation officer. |
| 3 | **Standard Condition No. 6**: The defendant shall notify the probation officer within 72 hours of any change in residence or employment. |
| 4 | **Special Condition No. 2**: The defendant shall pay any financial penalty that is imposed by this judgement. Any amount that remains unpaid at the commencement of the term of supervised release shall be paid on a monthly basis at the amount of at least 10% of your net monthly income. |

On August 2, 2016, this offender called the probation office and reported that she had lost her job with G&K Services because of a knee injury. A follow up phone call was made to G&K Services to verify the validity of the unemployment. According to their human resources manager, Jenny Scheer, this offender was fired for violating the drug and alcohol policy. Ms. Scheer stated that this offender was injured on the job and was sent for a drug screen. During that drug screen, she did not supply enough of a sample and was asked to provide more. She refused and left the testing site. The offender was referred for an assessment and it was determined that she be follow-up tested for drugs and alcohol. She was then sent for a second test, in which she failed to attend. This was considered her second positive and she was terminated. This is not what the offender reported to the probation office.

This officer attempted home visits on this offender unsuccessfully on August 11, 2016, August 29, 2016, September 8, 2016, and September 15, 2016. Also, on September 15, 2016, a letter was mailed to this offender's home residence instructing her to attend a job readiness class, offered by the probation office, on September 26, 2016. She did not attend this class.

On September 19, 2016, this officer spoke with the offender by phone. She was instructed to stay at her residence every evening after 5:00 p.m. beginning that evening. She agreed to do so. On September 20, 2016, this officer attempted a home contact with the offender at approximately 6:00 p.m. She was not at the residence. Contact was made with the offender's mother who reported that she did not know where she was. A voice mail was left with the offender to contact this officer immediately. To this date, she has not returned a call.

On September 22, 2016, a letter was mailed to the offender's residence instructing her to report in person to the probation office on October 6, 2016, at 9:00 a.m. On October 4, 2016, this officer attempted another home contact with the offender at her listed residence. Contact was made with the offender's mother who stated the offender had not been there in four or five days. Her mother verified that she received the letter from

3

this officer instructing the offender to report on Thursday, October 6, 2016. Her mother also indicated that she let the offender know about the appointment. Ms. Beecham failed to report as instructed.

It should also be noted the offender has only made one payment, of $5.00 since commencement of supervision, toward her restitution. Her current balance is $841.35.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above when grouped constitute Grade C violations for which an advisory guideline range of 8 to 14 months would apply given her Criminal History Category VI. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of thirty-six (36) months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that she committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to serve ten (10) months incarceration, to be followed by three years of supervised release, subject to the same standard, general, and special conditions previously imposed, with the following added special condition:

The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers (as defined in Title 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his/her supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

It is further recommended that the Bureau of Prisons provide all available halfway house placement to aid in her transition into the community.

_____
Hon. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

_____
Helen Smith
Assistant U.S. Attorney

_____
Michael A. Newland
U.S. Probation Officer

_____
Samantha J. Beecham
Defendant

_____
Nikki C. Pierce
Attorney for Defendant

5